**FEI HANG CHEN, et al., Plaintiffs,**

v.

**JING FONG RESTAURANT, INC., et al., Defendants.**

**Wang Ke Shu, et al., Plaintiffs,**

v.

**Jing Fong Restaurant, Inc., et al., Defendants.**

Nos. 08 Civ. 5404(JSR), 08 Civ. 7340(JSR).

United States District Court, S.D. New York.

Oct. 23, 2008.

David T. Azrin, Gallet Dreyer & Berkey, LLP, New York, NY, for Plaintiffs Fei Hang Chen, et al.

Justin A. Zeller, The Law Office of Justin A. Zeller, P.C., New York, NY, for Plaintiffs Wang Ke Shu, et al.

Michael Joseph DiMattia, McGuirewoods LLP, New York, NY, for Defendants Jing Fong Restaurant, Inc., et al.

## MEMORANDUM

JED S. RAKOFF, District Judge.

By Order dated October 15, 2008, the Court, *inter alia,* elected to retain supplemental jurisdiction over *Wang Ke Shu v. Jing Fong Restaurant, Inc.,* the second of the two above-captioned cases (which was then consolidated with the first), even though the plaintiff had voluntarily dismissed the federal claims. This Memorandum states the reasons for this determination.

As a general matter, a federal court has an obligation to decide cases properly brought before it. When, however, the federal claims are dismissed, a federal court may, in its discretion, retain supplemental jurisdiction over the state claims or dismiss them without prejudice to being re-filed in state court. *See* 28 U.S.C. § 1367. The exercise of such discretion is a matter of balancing four factors: "judicial economy, convenience, fairness, and comity." *Carnegie–Mellon University v. Cohill,* 484 U.S. 343 at 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

Here, both lawsuits raise issues similar or collateral to those previously before the Court in two earlier, related cases, *Lu, et al. v. Cheung, et al.,* 06 Civ. 2657(JSR) and *Chen, et al. v. Jing Fong Restaurant, Inc.,* 07 Civ. 3908(JSR). Moreover, both the legal and factual issues raised in the state claims in *Wang Ke Shu* and in the above-captioned federal case, *Fei Hang Chen,* are substantially identical (which is why the Court consolidated the two cases). Thus, there is very substantial judicial economy in maintaining supplemental jurisdiction over *Wang Ke Shu.* Since much of the discovery would be re-

lated in both cases, and since the Court has already placed both cases on a "fast track," convenience and economy will also be served, more than outweighing the alleged costs to plaintiff's counsel in *Wang Ke Shu,* of having to attend a few depositions that might not relate to his case. This, indeed, is the primary "unfairness" of which counsel for plaintiffs in *Wang Ke Shu* complains; yet, as a practical matter, he would not need to attend those depositions unless they, in fact, related to his case. As for comity, there are no remaining state law issues in this case that are so novel or unique that deference to state courts is appropriate; and, in any event, the Court, which must retain jurisdiction over *Fei Hang Chen,* would have to reach those issues anyway, probably well before any state court action could get that far.

For the foregoing reasons, the Court, in its Order dated October 15, 2008, declined to renounce supplemental jurisdiction over the remaining claims in *Wang Ke Shu.*

SO ORDERED.